EDITH F. WILSON

*vs.*

LOUIS N. WILSON AND HARRY WILSON

York.    Opinion, December 8, 1947.

*Lausier & Donahue,* for plaintiff.

*Wilfred A. Hay,* for defendants.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MURRAY, JJ.

THAXTER, J. This case is before us on exceptions challenging the jurisdiction of the lower court.

It purports to be a petition brought under authority of the provisions of R. S. 1944, Chap. 153, Sec. 69, to enforce a decree of divorce. What it is in fact is difficult to determine. There is involved the same divorce decree discussed in *Wilson* v. *Wilson,* decided herewith, and the petitioner seeks to recover the same unpaid installments. It is evident that she was doubtful of the efficacy of the remedy which she sought to apply in that case. That was an action on a judgment.

In this case she seeks judgment in the amount of $2,688.50. She charges that the appraisal in the Probate Court for the County of York of the libellee's interest in the real estate of his father was false and fraudulent and that in fact the estate is worth much more than such appraisal. She asks that the court determine that the real estate has not been appraised at its fair value; that such appraisal is false and fraudulent, that the court decide its fair value; that the real estate may be sold by a receiver and her former husband's share of the proceeds paid to her; that the brother, as executor of the estate of the father, be restrained from selling the real estate; that an order be entered authorizing the attachment of the interest of the libellee in such real estate; that the brother, as executor, render an acount to this court of the rents and profits of the real estate during the few months he occupied it, and be ordered to pay to the petitioner the share of the libellee of said rents and profits; that the executor be ordered to pay to the petitioner any distributive share of the libellee in the estate to satisfy the amount found due under the decree;

and that the libellee be ordered to assign to the petitioner all of such part of his interest in the estate as is necessary to secure the amount found due.

The presiding justice found judgment for the petitioner for $2,688.50 and ordered an execution to issue. Among other things he ordered the libellee, Louis N. Wilson, to assign to Edith F. Wilson all of such part of his interest in the estate of his father as might be sufficient to satisfy the execution, and that Harry Wilson, as executor of the estate of Samuel Wilson, should not without the consent of the petitioner fail to account to the Probate Court for a fair rental of the real estate owned by his father, which it was claimed the executor had occupied since August, 1946.

The proceeding is certainly anomalous. A mandatory injunction was issued against a party who was not served within the jurisdiction and who appeared only to protest against the jurisdiction of the court; and the executor of an estate, who was not even a party to the divorce action, is told what to do in the administration of an estate over which the Probate Court is given exclusive jurisdiction. The court in a divorce action seems to have assumed some of the powers of the Probate Court and of the Equity Court. There is certainly nothing in R. S. 1944, Chap. 153, Sec. 69, or anywhere else for that matter, which authorizes the entry of such a decree as we have before us here.

We have in the companion case to this tried to explain at least one phase of the procedure which should be followed to enforce the provisions of a divorce decree, and have set forth why an action of debt on a judgment will not lie. We have there suggested a limitation on the right of a libellant to collect unpaid installments for support of a minor after the minor becomes of age.

*Exceptions sustained.*